UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-14149 |
| | ) | |
| JAMES JOSEPH DENISON, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER FINDING LAURIE** |
| | ) | **CRILLY IN CONTEMPT, IMPOSING** |
| | ) | **FINE, AND REFERRING ISSUE TO** |
| | ) | **THE UNITED STATES TRUSTEE** |

On July 7, 2010, this court entered an order requiring Laurie Crilly to appear and show cause as to why she should not be held in contempt and sanctioned based on her failure to obey a lawful court order.[1] For the reasons stated below, Laurie Crilly is found to be in civil contempt and sanctioned.

**JURISDICTION**

The court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2).

**FACTS AND DISCUSSION**

The debtor James Denison filed his chapter 7 petition *pro se* on May 3, 2010. Part of that filing is a section titled Signature of Non-Attorney Petition Preparer. This section is signed under penalty of perjury by Laurie Crilly, social security number xxx-xx-5025, P.O. Box 1401,

---

[1] Docket 28.

American Fork, Utah 84003.[2] The debtor also filed a Disclosure of Compensation of Bankruptcy Petition Preparer in which Ms. Crilly stated under penalty of perjury that the debtor had agreed to pay her $149.00, but that no money had been paid to date. This document also lists a social security number of xxx-xx-5025.[3]

On May 25, 2010, the court issued a show cause order on the debtor and Ms. Crilly to appear on July 1, 2010 to address the fact that the fee charged by Ms. Crilly exceeded the presumptive maximum fee chargeable by a bankruptcy petition preparer in this district under General Order No. 5-3 (the "order").[4] Neither one appeared and the court dismissed the case the same day for failure to appear in response to a court order.

On July 6, 2010, Ms Crilly filed an Amended Disclosure of Compensation of Bankruptcy Petition Preparer in which she stated under penalty of perjury that the debtor had agreed to pay her $125.00, but no money had been paid to date. This document lists a social security number of xxx-x**y**-**5125**, the five characters cited here in bold being different than those in the first disclosure.[5] Ms. Crilly also stated in the amendment that her address is 1435 Reynolds Hollow, Greeneville, TN 37745.

On July 7, 2010, the court issued another show cause order on Laurie Crilly to appear on July 29, 2010 and explain why she filed documents listing two different social security numbers. The order also stated that the court would consider whether she should be held in contempt for

---

[2] Docket 1.

[3] Docket 6.

[4] Docket 15.

[5] Docket 27.

failure to obey a lawful court order and/or barred from participating as a bankruptcy petition preparer in the Northern District of Ohio and/or be referred to the United States Attorney for such action as he deems appropriate.[6] Ms. Crilly failed to appear on July 29, 2010. The court, therefore, considers whether Laurie Crilly is in contempt of the order.

The court's contempt powers derive from "Bankruptcy Code § 105(a) and the inherent power of a court to enforce compliance with its lawful orders." *In re Walker*, 257 B.R. 493, 496 (Bankr. N.D. Ohio 2001) (citations omitted). Contempt must be shown by clear and convincing evidence that the alleged contemnor violated a definite and specific court order which required the performance or the nonperformance of an act with knowledge of that court order. *Id.* at 497. "Willfulness is not an element of civil contempt and intent to disobey the order is irrelevant." *Id.* The alleged contemnor may defend by showing an inability to comply with the order. *Id.*

Based on the undisputed facts, Ms. Crilly was in contempt of the order. Ms. Crilly was served with and had knowledge of the order.[7] The terms of the order were specific and required her to appear on July 29, 2010. Ms. Crilly did not appear on July 29, 2010.

These facts show clearly and convincingly that Laurie Crilly had knowledge of the order and failed to comply with it. Ms. Crilly was given adequate notice and an opportunity to be heard on the contempt issue, yet failed to appear and has not provided any explanation for her failure to comply with the court's order. The court, therefore, finds that Laurie Crilly is in contempt based on her failure to comply with the order.

---

[6] Docket 28.

[7] *Id.*

3

10-14149-pmc    Doc 30    FILED 07/30/10    ENTERED 07/30/10 14:55:26    Page 3 of 5

The next issue is the appropriate consequence for the contempt. It appears that a coercive per diem fine is appropriate under the circumstances to encourage compliance with the court's order. *In re Walker*, 257 B.R. at 498. The totality of the circumstances must be considered in determining the amount of the fine, including these factors:

1. The type of actions that led to the issuance of the [order], and the consequences of non-compliance with the [order];

2. The reasons advanced . . . for non-compliance with the [order] . . . and any good faith issues, even if those factors do not serve as a defense to the contempt charge;

3. Whether the contemnor expresses an intention to promptly comply with the [order];

4. The amount of time that has elapsed since the [order] was entered; and

5. The contemnor's financial circumstances.

*Id.* (footnote omitted).

Laurie Crilly was ordered to appear on July 29, 2010 and failed to do so. Under these circumstances, a daily fine in the amount of $10.00 is appropriate to make Ms. Crilly reconsider her failure to comply with the order. Additionally, she is barred from participating as a bankruptcy petition preparer in any case filed in this district, absent further order of this court. Finally, the issue of the different social security numbers is referred to the U.S. trustee for such action as he deems appropriate.

## **CONCLUSION**

For the reasons stated, Laurie Crilly is found to be in civil contempt based on her failure to comply with the order. Ms. Crilly may file a request for a hearing for the purpose of

explaining her failure to comply.  A fine in the amount of $10.00 per day is imposed for each day until she makes that request.  The fine is to be paid to the Clerk's Office of the United States Bankruptcy Court at Cleveland.

    IT IS SO ORDERED.

                                        _____
                                        Pat E. Morgenstern-Clarren
                                      United States Bankruptcy Judge

To be served by the clerk's office by regular U.S. mail on Ms. Laurie Crilly, 1435 Reynolds Hollow, Greeneville, TN 37745
and by email on Scott Belhorn, Esq., office of the United States trustee